IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| DALE L. HURT, Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:26CV632 (RCY) |
| LVNV FUNDING, LLC, Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on several pending motions, including, Defendant's Motion for More Definite Statement (ECF No. 6); Plaintiff's Motion to Remand (ECF No. 7); and *pro se* Plaintiff Hurt's Motion for Leave to File Amended Complaint (ECF No. 12). These motions have been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J); Fed. R. Civ. P. 78. For the foregoing reasons, the Court will grant Defendant's Motion for More Definite Statement, deny Plaintiff's Motion to Remand, and deny Plaintiff's Motion for Leave to File Amended Complaint.

## I. PROCEDURAL HISTORY

Plaintiff originally filed the Warrant in Debt in the Henrico County General District Court on June 18, 2026. Not. Removal, ECF No. 1. Defendant LVNV Funding LLC ("LVNV") was served with Plaintiff's Complaint on June 17, 2026, and filed a Notice of Removal on July 6, 2026, on the basis of this Court having federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA") claims. *Id.* On July 13, 2026, Defendant filed a Motion for More Definite Statement. Mot. More Definite Statement, ECF No. 6. On July 14, 2026, Plaintiff filed a Motion to Remand on the basis that Defendant's

removal was untimely[1] and that Defendant's removal was "an attempt to frustrate the judicial process." Mot. Remand, ECF No. 7. Defendant filed its Response in Opposition to Plaintiff's Motion to Remand on July 17, 2026. Resp. Opp'n Mot. Remand, ECF No. 11. Plaintiff never filed a Reply to Defendant's Response in Opposition and Plaintiff's deadline to do so has now passed. Thus, Plaintiff's Motion to Remand is ripe for review.

On July 20, 2026, Plaintiff filed a Motion for Leave to File Amended Complaint ("Motion for Leave"). Mot. Leave, ECF No. 12. Defendant filed its Response in Opposition to the Motion for Leave on July 24, 2026, arguing that Plaintiff's proposed Amended Complaint was futile. Resp. Opp'n Mot. Leave, ECF No. 13. Plaintiff never filed a Reply to Defendant's Response in Opposition and Plaintiff's deadline to do so has now passed. Thus, Plaintiff's Motion for Leave is ripe for review.

## II. LEGAL STANDARDS

### A. Motion to Remand

A case filed in state court may be removed to federal court if the federal court has subject matter jurisdiction based on the existence of a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441(a). Federal question jurisdiction requires that the cause of action in a civil matter arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332. The district court must remand the case if, at any point prior to final judgment, the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Once removed, the plaintiff may challenge removal by moving to remand the case back to state court. *Id.* The party seeking removal bears the burden of establishing federal jurisdiction.

[1] Plaintiff has since filed a Notice of Errata, ECF No. 9, correcting his Motion to Remand on the basis that Defendant's removal was actually timely.

*See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). Furthermore, removal jurisdiction must be strictly construed, and any doubts as to the propriety of removal must be resolved in favor of remanding the case to state court. *Id.* As a general matter, the issue of whether a federal question has been presented is determined by looking at the face of the plaintiff's well-pleaded complaint, which is to say, whether the plaintiff has explicitly raised a federal claim. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

**B. Federal Rules of Civil Procedure 8 and 12**

Although a *pro se* complaint is "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), such deference "does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *overruled on other grounds by Britt v. Dejoy*, 45 F.4th 790, 795–96 (4th Cir. 2022). Nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For its part, Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and that each averment of a pleading be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1). "District judges are not mind readers," nor is their role to serve as "an advocate seeking out the strongest arguments and most successful strategies for a [*pro se*] party." *Beaudett*, 775 F.2d at 1278.

"Rule 12(e), which authorizes the motion for a more definite statement, must be read in conjunction with Rule 8, which establishes the general rules for pleading." *Hodgson v. Virginia Baptist Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973). This rule "allows a defendant to move for

a more definite statement if the complaint 'is so vague or ambiguous that [the defendant] cannot reasonably be required to frame a responsive pleading.'" *Id.* at 822–23 (quoting Fed. R. Civ. P. 12(e)).

**C. Leave to File Amended Complaint Pursuant to Federal Rule of Civil Procedure 15**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rts. Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). Amendments are considered futile when "the proposed amendments could not withstand a motion to dismiss." *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

## III. DISCUSSION

The Court will first address Plaintiff's Motion to Remand as this presents a jurisdictional issue for the Court. Next, the Court will address the deficiencies in both Plaintiff's Complaint and proposed Amended Complaint.

**A. The Court Will Deny Plaintiff's Motion to Remand**

As previously stated, the district court must remand the case if, at any point prior to final judgment, the court appears to lack subject matter jurisdiction. 28 U.S.C. § 1447(c). Here, Defendant removed this matter to federal court on the basis of federal question jurisdiction since Plaintiff's Complaint alleges FDCPA and FRCA claims against Defendant. In his Motion to Remand, Plaintiff does not argue that the Court is without jurisdiction, rather, Plaintiff claims that Defendant's removal was untimely and is an improper attempt to frustrate the judicial purpose. Mot. Remand 1, ECF No. 7.

Plaintiff's arguments are unmoving. Defendant properly removed this matter from state court on the basis of federal question jurisdiction. *See* Warrant in Debt, ECF No. 1-2 (stating that Defendant's owe Plaintiff $50,000 for violations of the FDCPA, U.S.C. § 1692, and the FCRA, 15 U.S.C. § 1681); Not. Removal 1, ECF No. 1 (noting this Court has jurisdiction pursuant to 28 U.S.C. § 1331). As Plaintiff himself eventually recognized, Defendant's removal was timely. *See* Not. Errata, ECF No. 9 (correcting Plaintiff's Motion for Remand, noting that Defendant's Notice of Removal was timely); Not. Removal 1 (noting that Defendant was served on June 17, 2026, and filed its Notice of Removal within 30 days, on July 6, 2026). The Court finds that Defendant's removal complied with the procedures and requirements of 28 U.S.C. § 1446 and that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Finally, as to Plaintiff's claim that Defendant's removal is somehow an attempt to frustrate the judicial process, the Court will not engage with this argument as it is wholly without merit or support as Defendant complied with the statutory requirements for removal. For these reasons, the Court will deny Plaintiff's Motion to Remand.

**B. Plaintiff's Complaint and Proposed Amended Complaint Are Deficient**

Having determined that Defendant's removal was proper and that this Court's jurisdiction is proper, the Court will discuss both Plaintiff's Complaint and proposed Amended Complaint.

1. <u>Plaintiff's Complaint Is Deficient</u>

Defendant filed a Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e) which allows a party to make such motion when a complaint is "so vague and ambiguous" that the defendant "cannot reasonably prepare a response." This type of request is generally disfavored, but the Court finds that given the glaring ambiguity and vagueness of Plaintiff's Complaint, Defendant's request for a more definite statement is warranted. *Matousek v. Keffer Realty*, 2018 WL 10879128, at *2 (E.D. Va. Nov. 27, 2018) ("While motions for a more

definite statement are not favored, they will be granted 'if the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading.'") (quoting *Old Dominion Univ. Research Found. v. Aqua Terra Int'l, LLC*, 2014 WL 5790944, at *2 (E.D. Va. Nov. 5, 2014) (citing *Hodgson*, 482 F.2d at 824)). Plaintiff's Complaint, a standard Warrant in Debt form, may have been proper in the Henrico County General District Court, but the Court finds it does not comply with Rule 8's requirements. *See* Warrant in Debt (including only one sentence without any factual support as to how Defendant allegedly violated FDCPA and FCRA); *New v. Faris*, 749 F. Supp. 3d 650, 656 (W.D. Va. 2024) (noting that Rule 12(e) "must be read in tandem with the requirements of Rule 8(a)").

Accordingly, the Court will grant Defendant's Motion for More Definite Statement and require Plaintiff to file an Amended Complaint that includes sufficient factual support and otherwise complies with Rule 8. *See Bell Atl. Corp.*, 550 U.S. at 555 (noting that the plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level," and that Rule 8 "requires only 'a short and plaint statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (first quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 20024); then quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

2. <u>Plaintiff's Proposed Amended Complaint Is Also Deficient</u>

Plaintiff's proposed Amended Complaint does not cure the aforementioned defects. While the proposed Amended Complaint is more properly formatted in terms of not being a standard Warrant in Debt form, the Amended Complaint does not contain any factual allegations to support Plaintiff's claims against Defendant. Rather, Plaintiff's proposed Amended Complaint conclusorily states that "the Defendant continues to report inaccurate and disputed debt information on the Plaintiff's consumer credit report, despite ongoing disputes and requirements

under federal law." Proposed Am. Compl. 2, ECF No. 12. Plaintiff is not required to allege detailed facts, but he is required to allege *some* facts to support his claims that Defendant is liable for FDCPA and FCRA violations. *See Bell Atl. Corp*, 550 U.S. at 555 (discussing how a complaint must include "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" related to the alleged violations, and that a complaint must provide the defendant notice of where its liability may arise). Here, Plaintiff does not identify the inaccurate information that Defendant allegedly continues to report, or any facts related to his efforts to dispute the inaccurate information. Courts in this district have dismissed claims under similar circumstances. *See, e.g.*, *White v. Trans Union LLC*, 2025 WL 409660, at *6 (E.D. Va Feb. 5, 2025) (dismissing the plaintiff's FCRA claim since the plaintiff "fail[ed] to identify a specific provision of FCRA that [the defendant] violated and further fail[ed] to state a plausible claim for a violation of FCRA").

Accordingly, Plaintiff's proposed Amended Complaint is subject to dismissal on this ground alone, and granting leave to file it notwithstanding such a defect would be a futile and time-wasting exercise. Therefore, the Court will deny Plaintiff's Motion for Leave.

## IV. CONCLUSION

Based on the foregoing, the Court will deny Plaintiff's Motion to Remand, grant Defendant's Motion for More Definite Statement, and deny Plaintiff's Motion for Leave to File Amended Complaint. To ensure Defendant has fair notice of the claims leveled against it, and based on the Court's desire to resolve all claims on the merits, the Court will order Plaintiff to file an Amended Complaint that complies with the requirements of Federal Rule of Civil Procedure 8.

An appropriate Order will issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 23, 2026
Richmond, Virginia